IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALDEN PAULINE, ) | Civ. No. 08-00196 SOM-LEK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER DISMISSING COMPLAINT AND |
| ) | ACTION PURSUANT TO 28 U.S.C. |
| H.C.F. ADMINISTRATOR, KAY ) | §§ 1915(e)(2) AND 1915A(b). |
| BAUMAN, and WES MUN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**ORDER DISMISSING COMPLAINT AND ACTION PURSUANT TO 28 U.S.C.
§ 1915(e)(2) AND § 1915A(b)**

On April 28, 2008, pro se Plaintiff Alden Pauline, a prisoner incarcerated at Halawa Correctional Facility ("HCF") in Aiea, Hawaii, filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"), as well as an application to proceed *in forma pauperis*.

Plaintiff names H.C.F. Administrator, Kay Bauman, and Wes Mun as Defendants. The gravamen of Plaintiff's Complaint is that Defendants have failed to treat Plaintiff's mental health problems and that Defendants have retaliated against Plaintiff for filing civil rights actions. For the following reasons, Plaintiff's Complaint is DISMISSED.

## BACKGROUND

Plaintiff sets forth three grounds for relief. All three counts, however, allege the same thing, that is, that Plaintiff has not received adequate medical treatment for his

mental health problems and that Defendants have retaliated against him.  Compl. at 4-7.

## LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325  (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989); Franklin, 745 F.2d at 1227.

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt.  Morrison v. Hall, 261 F.3d 896, 899 n.2 (9th Cir. 2001); Balistreri v.

Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## DISCUSSION

A.   Plaintiff's Claims are Dismissed As Duplicative.

On July 30, 2007, Plaintiff filed a prisoner civil rights complaint in Pauline v. Patel, et al., Civil No. 07-00411 HG-BMK.  Since filing the original complaint, Plaintiff has filed two supplements to the complaint naming additional defendants and claims.  Plaintiff names Dr. Vic Patel, Clayton Frank, May Andrade, Eric Tanaka, Kay Bauman, and Wesley Mun as Defendants.  Plaintiff complains that these Defendants violated his constitutional rights when they failed to provide Plaintiff with adequate medical care.  Plaintiff claims that they did not provide Plaintiff with proper psychiatric treatment or medication to treat his mental health condition and that as a result Plaintiff engages in self-mutilation.

Plaintiff's present claims, that Defendants failed to provide him with adequate mental health treatment, are duplicative of the claims set forth in Civil No. 07-00411 HG-BMK.

The court may dismiss the complaint or individual claims when the complaint or claims are duplicative of claims brought in another case.  See 28 U.S.C. § 1915A(b)(1) (allowing district courts to dismiss prisoner actions that are frivolous); see also Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (no abuse of discretion in dismissing action as frivolous under 28 U.S.C. § 1915 when complaint "merely repeats pending or previously litigated claims").  Accordingly, Plaintiff's claims that Defendants have failed to provide him with adequate medical treatment are **DISMISSED without leave to amend** as duplicative.

B.   Plaintiff's Complaint Fails to Comply with Rule 8 of the Federal Rules of Civil Procedure.

In Counts One, Two, and Three, Plaintiff baldy alleges that Defendants are retaliating against him for pursuing claims for violation of his civil rights.  Compl. at 5-7.  In Count One, Plaintiff states, "I am in fear for my safety do [sic] to HCF medical staff retaliation on me for fileing [sic] me [sic] complaint[.]"  Id. at 5.  In Count Two, Plaintiff claims that Adult Correction Officers ("ACOs") and HCF medical staff have threatened him and warned him to stop filing complaints.  Id. at 6.  In addition, Plaintiff alleges that on April 8, 2008, certain ACOs and medical staff entered his cell and confiscated his legal materials in an effort to prevent him from initiating actions in court.  Id.

Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). A complaint does not need detailed factual allegations. Bell Atlantic Corp. v. Twombly, --- U.S. ---, ---, 127 S. Ct. 1955, 1964, 167 L. Ed.2d 929 (2007). At a minimum, however, a plaintiff must provide "the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 1964-65 (citation omitted).

"The Federal Rules require that averments 'be simple, concise and direct.'" McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(e)(1)). Simply put, "[a]ll that is required [by Fed. R. Civ. P. 8(a)] is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996) (quoting Datagate, Inc. v. Hewlett-Packard Co., 941 F.2d 864, 870 (9th Cir. 1991)).

The court is aware of its duty to construe the pleadings of a pro se plaintiff liberally. Thompson v. Davis,

295 F.3d 890, 895 (9th Cir. 2002).  This rule of liberal construction is particularly important in civil rights cases. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the court is not permitted to "supply essential elements of the claim that were not initially pled."  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

The court is unable to discern the underlying facts of Plaintiff's claims sufficiently to even liberally construe the claims as identifying a constitutional violation, or more importantly, indicating that any named Defendant is responsible for such a violation.  Plaintiff's Complaint simply alleges retaliation, without providing sufficient specific facts for the court, or Defendants, to have notice of what exactly happened and when, who did what to Plaintiff, and how any Defendants' actions allegedly violated the  Constitution or laws.

In addition, Plaintiff's retaliation claims are directly related to the allegations set forth in Civil No. 07-00411 HG-BMK.  To the extent Plaintiff now attempts to state a retaliation claim against Defendants, it is appropriate for Plaintiff to seek leave to amend his complaint in Civil No. 07-00411 HG-BMK, so that he may add the retaliation claims to that action.

Accordingly, as Plaintiff fails to allege sufficient facts to state a retaliation claim against Defendants, his claims are **DISMISSED**. Plaintiff's claims are **DISMISSED without leave to amend** because the appropriate course of action is for Plaintiff to seek leave to amend his complaint in Civil No. 07-00411 HG-BMK, so that he may add the retaliation claims to that action.

Consequently, Plaintiff has failed to state a claim against Defendants. Plaintiff's Complaint and action are therefore DISMISSED without leave to amend for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

C.   <u>28 U.S.C. § 1915(g).</u>

Plaintiff is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This dismissal **constitutes a strike under the statute** and shall be counted against Plaintiff.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Plaintiff's claims against Defendants for failure to provide adequate medical treatment to Plaintiff are **DISMISSED without leave to amend** as duplicative.

2. Plaintiff's claims against Defendants for retaliation are **DISMISSED without leave to amend** for failure to state a claim. Plaintiff is notified that, to the extent Plaintiff now attempts to state a retaliation claim against Defendants, it is appropriate for Plaintiff to seek leave to amend his complaint in Civil No. 07-00411 HG-BMK, so that he may add the retaliation claims to that action.

3. Plaintiff's Complaint and action are **DISMISSED without leave to amend** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). This dismissal constitutes a strike pursuant to 28 U.S.C. § 1915(g), and shall be counted against Plaintiff.

4. Plaintiff's *in forma pauperis* application is **DENIED** as moot.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 7, 2008.



    /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Pauline v. Bauman, et al., Civ. No. 08-196 SOM-BMK; ORDER DISMISSING COMPLAINT AND ACTION; hmg\Screening Orders 08\Pauline 08-196 SOM (dsm dup)